UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
PETER MCCLUSKEY,

                              Plaintiff,

    -against-

**REPORT AND RECOMMENDATION**
21-CV-4483 (JMA) (ARL)

NUNZIATA, as Commissioner of Nassau County Social
Services, in her official capacity and CURRAN, as
Executive of Nassau County, in her official capacity,
                              Defendants.
-------------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

This is the fifth civil rights action brought by *pro se* Plaintiff Peter McClusky ("Plaintiff") complaining that the Nassau County Department of Social Services (the "DSS") refuses to take into consideration anticipated medical expenses which have not yet been incurred in calculating his income and his Supplemental Nutrition Assistance Program ("SNAP") benefits.[1] In this action, which is brought against Nancy Nunziata sued in her official capacity as Commissioner of the DSS and Laura Curran, sued in her former official capacity as County Executive of Nassau County, Plaintiff contends that he mailed an application for SNAP benefits to the DSS on June 18, 2021 and had, as of the date of the complaint, received no response from the DSS. Before the Court, on referral from District Judge Azrack, is Plaintiff's motion to amend the complaint pursuant to Federal Rule of Civil Procedure ("Rule") 15. For the reasons set forth below, the Court respectfully recommends that Plaintiff's motion be denied.

---

[1] In addition, in 1999, McCluskey filed a personal injury action against the County of Suffolk, *see* 99 CV 5184 (voluntarily withdrawn), and in 2010, he filed a "14th Amendment & Negligence" suit against the New York State Unified Court System, Chief Judge Jonathan Lippman and his lawyers at Gabor & Gabor. *See* 10 CV 2144 (dismissed with prejudice).

# BACKGROUND

## I. Procedural History

This is the third action that Plaintiff has commenced against the DSS or its Commissioner regarding his SNAP benefits. The two prior actions were both dismissed. *See McCluskey v. Comm'r of Nassau Cnty. Dep't of Soc. Servs.,* No. 12-CV-3852 (JFB)(ETB), 2013 U.S. Dist. LEXIS 126874 (E.D.N.Y. Sept. 5, 2013) (the "2012 Action") and *McCluskey v. Imhof,* No. 17-CV-5873(FB)(ARL), 2018 U.S. Dist. LEXIS 161998 (E.D.N.Y. Sept. 21, 2018) (the "2017 Action"). Additionally, Plaintiff previously commenced two actions against officials of the New York State Office of Temporary Disability Assistance ("OTDA") arising out of essentially the same claims relating to the documentation of medical expenses. *See McCluskey v. Roberts*, No. 19-CV-2386 (RRM) (ARL), 2020 U.S. Dist. LEXIS 205486 (E.D.N.Y. Nov. 3, 2020) and *McCluskey v.Spitzberg,* No. 19-CV-7060 (RRM) (ARL), 2020 U.S. Dist. LEXIS 214035 (E.D.N.Y. Nov. 16, 2020). Both of these actions have been dismissed as well.

Plaintiff filed the original complaint in this matter on August 9, 2021, asserting a *Monell* claim against Defendants arising out of Defendants' alleged failure to respond to in a timely manner to Plaintiff's June 18, 2021 application for SNAP benefits, failure to establish verification of Plaintiff's application submissions as required by federal statute, and failure to provide Plaintiff with a clear written statement as to what he must do to obtain verification. ECF No. 1, ¶ 37. Plaintiff filed an Amended Complaint as of right on October 19, 2021 ("Amended Complaint"). The Amended Complaint added additional background allegations but did not change the claims asserted against Defendants. *See* Amended Complaint, ECF No. 14, ¶ 41. On February 21, 2022, Defendants filed a motion to dismiss the Amended Complaint. ECF

No. 23.[2]  Defendants argued that Plaintiff failed to state a claim because rather than submit an application for SNAP benefits, Plaintiff submitted a Change Report Form, which is not an application for eligibility for SNAP benefits within the meaning of 7 U.S.C. § 2020(e)(3), and therefore no certification of eligibility was required within 30 days.  Def. Motion to Dismiss Mem. at 6.  Defendants also argued that Plaintiff had failed to allege a *Monell* claim because in "rejecting inadequate documentation of medical expenses, DSS is not relying on a municipal policy but is following the Federal and State regulations which govern SNAP benefits, as has been previously recognized in the prior decisions of this court. *See, e.g., McCluskey v. Spitzberg*, ARL, 2020 U.S. Dist. LEXIS 214035."  Def. Motion to Dismiss Mem. at 8.  Finally, Defendants argued the Plaintiff's claim was barred by the doctrines of res judicata and collateral estoppel.  *Id*. at 11.  On the same day, Plaintiff cross-moved for summary judgment on the claims asserted in the Amended Complaint.  ECF No. 25.  The motion to dismiss was referred to the undersigned for a report and recommendation by order dated April 29, 2022.

On June 10, 2022, Plaintiff filed the instant motion to file a second amended complaint. ECF No. 31.  The proposed Second Amended Complaint is attached to the motion ("Proposed Second Amended Complaint").  While styled as a motion to amend the complaint, Plaintiff is actually seeking to supplement his complaint to add factual allegations relating to another Change Request submitted by Plaintiff on April 18, 2022 (after the original complaint was filed) which was based on the expectation of additional medical procedures occurring in the period May 27, 2021 to February 24, 2022.  Plaintiff alleges that this request was approved by the DSS,

---

[2] In the interim, Plaintiff filed two motions for sanctions, ECF Nos. 17 and 22, both of which were denied by Judge Azrack on May 25, 2022.  Plaintiff filed similar motions for sanctions in five of the six cases he has previously brought in this Court.

3

however, according to Defendants the approval was an error and the "DSS has not changed its position and the EOBs[3] that plaintiff submitted in support of his application for a change in his SNAP benefits were initially accepted due to an administrative error. Once the error was discovered, plaintiffs SNAP benefits were re-calculated which resulted in a reduction in the benefits. Plaintiff was notified of the reduction by Notice dated June 18, 2022, and effective on July 1, 2022." Memorandum of Law in Opposition to Plaintiff's Motion to Serve a Second Amended Complaint ("Def. Mem."), at 1. On June 29, 2022, Plaintiff filed a motion for summary judgment. ECF No. 34. On July 12, 2022, Judge Azrack denied Plaintiff's cross motion for summary judgment, Defendants' motion to dismiss and Plaintiff's second motion for summary judgment without prejudice to refiling following disposition of the motion to amend. On November 4, 2022, Plaintiff moved for a preliminary injunction, seeking to preclude Defendants from terminating the additional SNAP benefits that had been awarded in response to Plaintiff's April 2022 request. ECF No. 43.

## II.  **Factual Allegations**

The following facts are taken from the Proposed Second Amended Complaint and are assumed true for purposes of this motion.

Plaintiff alleges that he mailed an application for SNAP benefits to the DSS on June 18, 2021. Proposed Second Amended Complaint at ¶ 16. The application sought an increase in the SNAP medical deduction, and enclosed Medicare Summary Notices that delineated estimates of Plaintiff's out-pocket medical expenses expected in the certification period. *Id.* at ¶ 17. According to Plaintiff, the DSS had not responded to that request. *Id.* at ¶ 19.

---

[3] Medicare Summary Notices also referred to as Medicare Explanation of Benefits ("EOBs")

4

Plaintiff alleges that in connection with a similar request for an increase in SNAP benefits made by Plaintiff in 2019 the DSS "held . . . that the submitted Medicare documents were not medical bills and, in effect, it was the policy and custom too only consider medical bills for the SNAP medical income deduction." *Id.* at ¶ 27. Plaintiff takes the position that this "treatment of anticipated medical expenses is a clear breach of 7 U.S.C. 2014 (e)(5)(B) and is a violation of *Monell* pursuant to the custom and practice theory of liability." *Id.* at ¶ 28. Plaintiff makes similar allegations with respect to requested increases in his SNAP benefits in 2017 and 2012 which were the subject of the 2017 Action and 2012 Action. *Id.* at ¶¶ 29-39.

Plaintiff alleges that the "County defendants custom and policy deprived plaintiff of SNAP benefits to which he was entitled pursuant to the federal right 7 USC 2020(e)(3), to the US Constitutional Due Process Clause, and 7 U.S.C. 2014(e)(5)(B)" arising out of Defendants' alleged failure to respond to in a timely manner to Plaintiff's June 18, 2021 application for SNAP benefits, failure to establish verification of Plaintiff's application submissions as required by federal statute, and failure to provide Plaintiff with a clear written statement as to what he must do to obtain verification. Proposed Second Amended Complaint, ¶ 41. All of these allegations remain unchanged from the Amended Complaint.

The bulk of Plaintiff's proposed amendments to the Amended Complaint reiterate arguments made by the parties in briefing in connection with the motion to dismiss which was denied without prejudice. Additionally, Plaintiff seeks to add the following factual allegations which occurred subsequent to the filing of the original complaint. Plaintiff alleges that on April 18, 2022, Plaintiff submitted another Change Request to the DSS based on medical procedures expected to occur in the period May 27,2021 to February 24, 2022. The anticipated medical expenses were once again based upon the EOBs. *Id.* at ¶ 50. The DSS responded to the

5

foregoing submission in a Notice of Decision dated May 7, 2022, for the first time, granting Plaintiff's request.  *Id.* at ¶ 51.  According to Plaintiff, "[a]s is evident in the Exhibit, for the first time in many years, and in accordance with the provisions in federal law 7 USC 2014 (e)(B)(5), the DSS Notice of Decision granted plaintiff full consideration to the full amount of the medical expenses delineated in the submitted Medicare Notices."  *Id.*  Plaintiff alleges that "[a]ccordingly, the DSS has abandoned its sole demand for medical bills, and has reversed its former ongoing practice of denying consideration of Medicare Notices based on the fact that the Notices are not themselves medical bills. In the Notice of Decision, the DSS has increased plaintiffs' SNAP allotment from the minimum of $20/mo. to $220/mo. based solely on the Medicare Notices."  *Id.* at ¶ 52.

## DISCUSSION

### I.  Standard of Review

Under Federal Rule of Civil Procedure ("Rule") 15(a), "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Rule 15(a)(2). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Rule 15(a)(2). Rule 15(d) allows a party, "[o]n motion and reasonable notice, . . . to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Rule 15(d).  A party may supplement to include subsequent occurrences "absent prejudice to the nonmoving party." *Albrecht v. Long Island R.R*, 134 F.R.D. 40, 41 (E.D.N.Y. 1991); *see also Unique Sports Generation, Inc. v. LGH-III, LLC*, No. 03 Civ.

6

8324 (JGK) (DF), 2005 U.S. Dist. LEXIS 22133, 2005 WL 2414452, at *4 (S.D.N.Y. Sept. 30, 2005) ("[a] motion to supplement pleadings under Rule 15(d) is properly made when a party seeks to plead events which have happened since the date of the pleading sought to be supplemented . . . or "when the movant seeks to assert claims arising from the new events") (internal quotation marks and citations omitted)..  The standard for a motion to supplement is the same as for a motion to amend the pleadings under Rule 15(a).  *Klos v. Haskell*, 835 F. Supp. 710, 715 (W.D.N.Y. 1993)

In deciding whether to allow Plaintiff to amend the complaint pursuant to Rule 15(a) or supplement the complaint pursuant to Rule 15(d), "courts apply the same standard of liberality afforded to motions to amend pleadings under Rule 15." *Addison*, 283 F.R.D. at 79 (citations and internal quotation marks omitted).  Rule 15 provides that "[t]he court should freely give leave [to amend] when justice so requires."  Rule 15(a)(2).  "Thus, leave to amend a complaint . . . 'should be denied only because of undue delay, bad faith, futility, or prejudice to the non-moving party, and the decision to grant or deny a motion to amend rests within the sound discretion of the district court.'" *Addison*, 283 F.R.D. at 79 (quoting *DeFazio v. Wallis*, No. 05-CV-5712, 2006 U.S. Dist. LEXIS 95154, 2006 WL 4005577, at *1 (E.D.N.Y. Dec. 9, 2006)).

Defendants here argue that the proposed amendment is futile.  An amendment is futile if the proposed claim could not withstand a motion to dismiss under Rule 12(b)(6). *IBEW Local Union No. 58 Pension Trust Fund and Annuity Fund v. Royal Bank of Scotland PLC*, 783 F.3d 383, 389 (2d Cir. 2015).  The Supreme Court clarified the appropriate pleading standard in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), in which the court set forth a two-pronged approach to be utilized in analyzing a motion to dismiss.  District courts are to first "identify [ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at

7

679. Though "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* Second, if a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a [d]efendant has acted unlawfully." *Id*. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007) (internal citations omitted)).

Where, as here, the complaint was filed *pro se*, the court must construe the complaint liberally and interpret the complaint "to raise the strongest arguments they suggest." *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). However, a *pro se* complaint must state a plausible claim for relief, *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013), and mere conclusions of law unsupported by factual averments need not be accepted, *Klos v. Bligh*, No. 13–CV–5449, 2014 WL 3778993, at *5 (E.D.N.Y. July 31, 2014).

**II.    Analysis**

Plaintiff seeks to amend his complaint to allege that the DSS has reversed its previous position that EOB forms are not acceptable documentation to support an application for an increase in SNAP benefits, which, according to Plaintiff, supports his contention the DSS has long practiced the denial of certain SNAP medical expenses in violation of federal law. Plaintiffs Memo of Law 2nd Amended Complaint, ECF No. 31.

Defendants argue that the proposed amendment is factually inaccurate and legally insufficient. Defendants argue that "in fact, DSS has not changed its position and the EOBs that plaintiff submitted in support of his application for a change in his SNAP benefits were initially

8

accepted due to an administrative error. Once the error was discovered, plaintiffs SNAP benefits were re-calculated which resulted in a reduction in the benefits.  Plaintiff was notified of the reduction by Notice dated June 18, 2022, and effective on July 1, 2022." Def. Mem. at 1 (citing Declaration of Karen Welkis, Director of DSS's SNAP benefits program and Exhibit A annexed thereto ("Welkis Declaration")).  However, for purposes of a motion to amend, the well pleaded factual allegations are presumed true, and thus, this argument fails to weigh against Plaintiff's motion to amend despite its omission of contrary facts.

On the merits, Defendants argue that in light of Judge Mauskopf's March 29, 2022 decision in *McCluskey v. Spitzberg*, No. 19-CV-7060 (RRM) (ARL) granting defendants' motion to dismiss, Plaintiff's proposed amendment is futile because Judge Mauskopf determined in the *Spitzberg* action that both State and Federal law require verification of anticipated medical expenses in order to allow such expenses to be deducted from income and that the Medicare Summary EOB forms do not suffice.  Def. Mem. at 6 (citing Mar. 2022 *Spitzberg* Memorandum and Order at 20-22).

Plaintiff seeks to amend the Amended Complaint to allege that the DSS has reversed its previous position that EOB forms are not acceptable documentation to support an application for an increase in SNAP benefits, which, according to Plaintiff, supports his contention the DSS has long practiced the denial of certain SNAP medical expenses in violation of federal law.  However, this Court and the Second Circuit have both opined that the requirement of verification of medical expenses is present in both the federal and state rules.  In comparing 7 U.S.C. § 2014(e)(5)(B)(ii)(II) with New York Source Book § 1 2(E)(7) – both of which require verified medical expenses -- Judge Mauskopf noted that "both this Court and the Second Circuit have "concluded that the state regulation does not impermissibly deviate from the federal statute."

9

Mar. 2022 *Spitzberg* Memorandum and Order at 22 (citing *McCluskey v. Spitzberg*, No. 20-4015, 2021 WL 3823672, at *1 (2d Cir. Aug. 27, 2021) (summary order); *McCluskey v. Spitzberg*, No. 19-CV-7060 (RRM)(ARL), 2020 WL 6727780, at *3 (E.D.N.Y. Nov. 16, 2020) (noting that the language of 18 NYCRR §387.12(c) "tracks the language of 7 U.S.C. § 2014(e)(5)(A)"). Thus, to the extent Plaintiff seeks to amend his claim to provide support for his position that the New York requirement of verified medical expenses violates federal law, the amendment is futile since the Second Circuit has already determined that the New York statute does not.

Finally, with respect to the proposed amendments which seek to repeat arguments made with respect to the motion to dismiss, that motion has been denied, and in the event Defendants move again to dismiss the Amended Complaint Plaintiff will have the opportunity to oppose the motion at that time.

Accordingly, the undersigned respectfully recommends that Plaintiff's motion to file a second amended complaint be denied and that Plaintiff be barred from pursuing further claims on this basis.

A copy of this Report and Recommendation will be forwarded to Plaintiff by certified mail.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Such objections shall be filed with the Clerk of the Court via ECF, except in the case of a party proceeding pro se. Pro se Plaintiff must file his objections in writing with the Clerk of the Court within the prescribed time period noted above. Any requests for an extension of time for filing objections must be directed to Judge Azrack

prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140, 155, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996). Counsel for Defendants is directed to serve a copy of this Order upon *pro se* Plaintiff forthwith and file proof of service on ECF.

Dated: Central Islip, New York
December 1, 2022

_____/s_____
ARLENE R. LINDSAY
United States Magistrate Judge