UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
 PETER MCCLUSKEY,

                    Plaintiff,

        -against-

                                              **REPORT AND**
                                              **RECOMMENDATION**
                                              21-CV-4483 (JMA) (ARL)

NUNZIATA, as Commissioner of Nassau County Social
Services, in her official capacity and CURRAN, as
Executive of Nassau County, in her official capacity,

                    Defendants.
-----------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

       As noted in this Court's prior report and recommendation, this is the fifth civil rights

action brought by *pro se* Plaintiff Peter McCluskey ("Plaintiff") complaining that the Nassau

County Department of Social Services (the "DSS") refuses to take into consideration anticipated

medical expenses which have not yet been incurred in calculating his income and his

Supplemental Nutrition Assistance Program ("SNAP") benefits.[1]  In this action, which is brought

against Nancy Nunziata sued in her official capacity as Commissioner of the DSS and Laura

Curran, sued in her former official capacity as County Executive of Nassau County, Plaintiff

contends that he mailed an application for SNAP benefits to the DSS on June 18, 2021 and had,

as of the date of the complaint, received no response from the DSS.  Plaintiff sought to amend

his complaint on in June 2022 for the purpose of adding factual allegations relating to events

occurring subsequent to the filing of the original Amended Complaint.  By Report and

---

[1] In addition, in 1999, McCluskey filed a personal injury action against the County of Suffolk, *see* 99 CV 5184
(voluntarily withdrawn), and in 2010, he filed a "14th Amendment & Negligence" suit against the New York State
Unified Court System, Chief Judge Jonathan Lippman and his lawyers at Gabor & Gabor.  *See* 10 CV 2144
(dismissed with prejudice).

Recommendation this Court denied Plaintiff's motion to amend in light of Second Circuit authority. The Report and Recommendation was adopted by Judge Azrack.

On May 3, 2023, Defendants' moved to dismiss Plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). ECF No. 60. Shortly after the filing of the motion to dismiss, Plaintiff filed a third motion for sanctions against Defendants. ECF No. 63. The previous two sanctions motions were denied by Judge Azrack on May 25, 2022. Then, on July 5, 2023, Plaintiff filed a second motion to amend the complaint. ECF No. 67. All three of these motions were referred to the undersigned by District Judge Azrack for a report and recommendation on October 18, 2023. For the reasons set forth below, the Court respectfully recommends that Defendants' motion to dismiss be granted, Plaintiff's motion for sanctions be denied, and Plaintiff's motion to amend the complaint be denied.

## BACKGROUND

### I.    Procedural History

On December 1, 2022, this Court reported and recommended to Judge Azrack that Plaintiff's motion to file a second amended complaint be denied because to the extent Plaintiff sought to amend his claim to provide support for his position that the New York requirement of verified medical expenses violates federal law, the amendment is futile since the Second Circuit has already determined that the New York statute does not violate the federal statute. *See* December 1, 2022 Report and Recommendation ("December Report"), ECF No. 47. The December Report was adopted in its entirety by Judge Azrack on January 13, 2023. *See* ECF No. 53. The long procedural history in this action leading up to the December Report is set forth in detail in the December Report and will not be repeated here unless necessary for purposes of this motion. *See* ECF No 47.

2

On May 2, 2023, Defendants moved to dismiss the Amended Complaint (which was filed on October 19, 2021) arguing that Plaintiff has failed to state a claim under 42 U.S.C § 1983 based upon a violation of his due process rights, Plaintiff does not have a *Monell* claim, the complaint fails to state a claim against Defendants in their individual capacities and Plaintiff's claim is barred by res judicata and collateral estoppel.[2]  Defendants' Memorandum of law in Support of Their Motion to Dismiss ("Def. Mem."), ECF No. 60.  Plaintiff responded to the motion to dismiss and purports to assert a cross motion for summary judgment by asking the court "to make a determination that the DSS is seeking to override federal law by denying fully the food that eligible elderly and disabled SNAP applicants are entitled to."  Plaintiff's Opposition to Motion to Dismiss and Cross Motion ("Pl. Mem.") at 16, ECF No. 61.

On May 15, 2023, Plaintiff once again moved for sanctions arguing that Defendants' counsel, Matthew Rozea, violated Rule 11 by statements made in Defendants' Reply Memorandum of Law ("Def. Reply Mem.") which "consciously omits the determinative fact that, in the previous rejections, the dispositive Welkis Declaration had not then occurred."  ECF No. 63.  Defendants opposed the motion for sanctions, arguing that the sanctions motion is nothing more than a sur-reply to Defendants' motion to dismiss.  ECF No. 64.

On July 5, 2023, Plaintiff filed another motion to amend and supplement the complaint, attaching a 34 page Proposed Supplementary Complaint.  ECF No. 67.  This time, Plaintiff seeks to substitute Bruce Blakeman in the place of Laura Curran, who was sued in her official capacity as Executive Director of Nassau County, to add as a Plaintiff Karen Welkis, in her individual

---

[2] For completeness of the record the Court notes that on November 4, 2022, Plaintiff moved for a preliminary injunction.  ECF No. 43.  By Order dated September 27, 2023, Judge Azrack denied Plaintiff's motion for a preliminary injunction without prejudice in light of Defendants' pending motion to dismiss the complaint, which, if successful, would result in denial of Plaintiff's motion for a preliminary injunction.

capacity and to add six new causes of action.[3]  *Id.*  In total, Plaintiff seeks to add an additional 20 pages to the Amended Complaint.  *Id.*  In a two-page letter responding to Plaintiff's motion to amend, Defendants argue the proposed amendment is futile, that the grounds for dismissal of the Amended Complaint apply with equal strength to the claims asserted in the Proposed Supplementary Complaint and that the addition of Karen Welkis must be denied as unjust since Plaintiff is using the litigation as retribution against Welkis for actions taken in the context of her employment.  ECF No. 69.  By Order dated October 18, 2023, Judge Azrack referred to the undersigned Defendants' motion to dismiss as well as Plaintiff's motion for sanctions and to amend the complaint.

## II.    **Factual Allegations**

The following facts are taken from the Amended Complaint and are assumed true for purposes of this motion.

Plaintiff asserts a single claim for violation of Section 1983 in the Amended Complaint arising out of Defendants' denials of SNAP benefits.  Plaintiff alleges that he mailed an application for SNAP benefits to the DSS on June 18, 2021.  Am. Compl. at ¶ 16.  The application sought an increase in the SNAP medical deduction, and enclosed Medicare Summary Notices that delineated estimates of Plaintiff's out-pocket medical expenses expected in the certification period.  *Id.* at ¶ 17.  According to Plaintiff, the DSS had not responded to that request.  *Id.* at ¶ 19.

Plaintiff also alleges that in connection with a similar request for an increase in SNAP benefits made by Plaintiff in 2019 the DSS "held . . . that the submitted Medicare documents were not medical bills and, in effect, it was the policy and custom too only consider medical bills

---

[3] The Court notes that Plaintiff is adding two new causes of action arising out of events occurring in 2023 and that the remainder of the complaint contains a reorganization of claims asserted in the Amended Complaint.

for the SNAP medical income deduction." *Id.* at ¶ 27.  Plaintiff takes the position that this

"treatment of anticipated medical expenses is a clear breach of 7 U.S.C. 2014 (e)(5)(B) and is a

violation of *Monell* pursuant to the custom and practice theory of liability." *Id.* at ¶ 28.  These

factual allegations formed the basis of Plaintiff's claims in *McCluskey v. Spitzberg*, No. 19-CV-

7060 (RRM)(ARL) and *McCluskey v. Roberts*, 19-CV-2386 (RRM)(ARL) (the "2019 Actions").

Both actions were dismissed.  The Amended Complaint contains similar allegations with respect

to requested increases in his SNAP benefits in 2017 and 2012 which were the subject of

*McCluskey v. Imhof*, 17-CV-5873(JFB)(ARL) (the "2017 Action"), and *McCluskey v. Comm'r of

Nassau Cty. Dep't of Soc. Svcs.*, No. 12-CV-3852(JFB)(EB) (the "2012 Action").  *Id.* at ¶¶ 29-

39.  These actions were both dismissed as well.

The crux of Plaintiff's claim is that the "County defendants custom and policy deprived

plaintiff of SNAP benefits to which he was entitled pursuant to the federal right 7 USC

2020(e)(3), to the US Constitutional Due Process Clause, and 7 U.S.C. 2014(e)(5)(B)" arising

out of Defendants' alleged failure to respond to in a timely manner to Plaintiff's June 18, 2021

application for SNAP benefits, failure to establish verification of Plaintiff's application

submissions as required by federal statute, and a failure to provide Plaintiff with a clear written

statement as to what he must do to obtain verification.  Am. Compl. ¶ 41.

In June 2022, Plaintiff moved to file a second amended complaint.  ECF No. 31.  Aside

from reiterating arguments made in opposition to Defendants' motion to dismiss, Plaintiff sought

to add factual allegations relating to events occurring subsequent to the filing of the original

Amended Complaint.  *Id*.  Plaintiff alleged that on April 18, 2022, Plaintiff submitted another

Change Request to the DSS based on medical procedures expected to occur in the period May

27, 2021 to February 24, 2022.  The anticipated medical expenses were once again based upon

the Medicare Summary Notices. Proposed Second Amended Complaint ¶ 50. The DSS responded to the foregoing submission in a Notice of Decision dated May 7, 2022, for the first time, granting Plaintiff's request. *Id.* at ¶ 51. According to Plaintiff, "[a]s is evident in the Exhibit, for the first time in many years, and in accordance with the provisions in federal law 7 USC 2014 (e)(B)(5), the DSS Notice of Decision granted plaintiff full consideration to the full amount of the medical expenses delineated in the submitted Medicare Notices." *Id.* Plaintiff alleged that "[a]ccordingly, the DSS has abandoned its sole demand for medical bills, and has reversed its former ongoing practice of denying consideration of Medicare Notices based on the fact that the Notices are not themselves medical bills. In the Notice of Decision, the DSS has increased plaintiffs' SNAP allotment from the minimum of $20/mo. to $220/mo. based solely on the Medicare Notices." *Id.* at ¶ 52. This Court issued its December Report stating that "to the extent Plaintiff seeks to amend his claim to provide support for his position that the New York requirement of verified medical expenses violates federal law, the amendment is futile since the Second Circuit has already determined that the New York statute does not." Dec. Report at 10. Judge Azrack adopted the report in its entirety and the motion was denied. ECF No. 53.

On July 5, 2023, Plaintiff filed a motion seeking permission to file a Third Amended Complaint. ECF No. 67. The Proposed Third Amended Complaint contains seven causes of action versus the single cause of action contained in the Amended Complaint. *Id.* Count One of the Proposed Third Amended Complaint asserts a claim based upon Defendants' rejection of an application for increased benefits submitted on January 12, 2023, which was based upon Medicare Summary Notices. *Id.* at ¶¶ 16–32. In Count Two, Plaintiff seeks permission to assert a claim arising out of Defendants' failure to conduct a hearing on the denial of Plaintiff's request

for additional benefits, despite Plaintiff's request for such hearing.  *Id*. at ¶¶ 33-37.   In

connection with the two new claims, Plaintiff adds Karin Welkis, individually, as a named

Defendant.   *Id*. at ¶¶ 31, 37.  Counts Three through Seven are repeated verbatim from the

Amended Complaint and the Proposed Second Amended Complaint which was rejected by the

Court.  *Id*. at ¶¶ 38-71.  Finally, Plaintiff adds a single allegation stating that "Plaintiff was

denied SNAP benefits based on the government classification of indigent elderly, 42 USC 6101,

which prohibits discrimination on the basis of age in program or activities receiving Federal

financial assistance such as SNAP, was violated."  *Id*. at ¶ 74.

## DISCUSSION

### I.  Standard of Review

#### A.  Motion to Dismiss

The Supreme Court clarified the appropriate pleading standard in *Ashcroft v. Iqbal*, 556

U.S. 662 (2009), in which the court set forth a two-pronged approach to be utilized in analyzing

a motion to dismiss.  District courts are to first "identify [ ] pleadings that, because they are no

more than conclusions, are not entitled to the assumption of truth."  *Id.* at 679.  Though "legal

conclusions can provide the framework of a complaint, they must be supported by factual

allegations."  *Id.*  Second, if a complaint contains "well-pleaded factual allegations, a court

should assume their veracity and then determine whether they plausibly give rise to an

entitlement to relief."  *Id.*  "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it

asks for more than a sheer possibility that a [d]efendant has acted unlawfully."  *Id*. at 678 (citing

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007) (internal citations omitted)).

For the purposes of a Rule 12(b) motion, "a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated by reference, and to matters of which judicial notice may be taken." *Serdarevic v. Centex Homes, LLC,* 760 F. Supp. 2d 322, 328 (S.D.N.Y. 2010) (quotation omitted); *see Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002). "'A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.'" *Global Network*, 458 F.3d at 157 (quoting *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998)).

Where, as here, the complaint was filed *pro se*, the court must construe the complaint liberally and interpret the complaint "to raise the strongest arguments they suggest." *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). However, a *pro se* complaint must state a plausible claim for relief, *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013), and mere conclusions of law unsupported by factual averments need not be accepted, *Klos v. Bligh*, No. 13–CV–5449, 2014 WL 3778993, at *5 (E.D.N.Y. July 31, 2014).

### B.  Motion to Amend

Under Rule 15(a), "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Rule 15(a)(2). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Rule 15(a)(2). Rule 15(d) allows a party, "[o]n motion and reasonable notice, . . . to serve a supplemental pleading setting out any

transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Rule 15(d). A party may supplement to include subsequent occurrences "absent prejudice to the nonmoving party." *Albrecht v. Long Island R.R*, 134 F.R.D. 40, 41 (E.D.N.Y. 1991); *see also Unique Sports Generation, Inc. v. LGH-III, LLC*, No. 03 Civ. 8324 (JGK) (DF), 2005 U.S. Dist. LEXIS 22133, 2005 WL 2414452, at *4 (S.D.N.Y. Sept. 30, 2005) ("[a] motion to supplement pleadings under Rule 15(d) is properly made when a party seeks to plead events which have happened since the date of the pleading sought to be supplemented . . . or "when the movant seeks to assert claims arising from the new events") (internal quotation marks and citations omitted). The standard for a motion to supplement is the same as for a motion to amend the pleadings under Rule 15(a). *Klos v. Haskell*, 835 F. Supp. 710, 715 (W.D.N.Y. 1993).

Rule 15 provides that "[t]he court should freely give leave [to amend] when justice so requires." Rule 15(a)(2). "Thus, leave to amend a complaint . . . 'should be denied only because of undue delay, bad faith, futility, or prejudice to the non-moving party, and the decision to grant or deny a motion to amend rests within the sound discretion of the district court.'" *Addison*, 283 F.R.D. at 79 (quoting *DeFazio v. Wallis*, No. 05-CV-5712, 2006 U.S. Dist. LEXIS 95154, 2006 WL 4005577, at *1 (E.D.N.Y. Dec. 9, 2006)).

Defendants here argue that the proposed amendment is futile. An amendment is futile if the proposed claim could not withstand a motion to dismiss under Rule 12(b)(6). *IBEW Local Union No. 58 Pension Trust Fund and Annuity Fund v. Royal Bank of Scotland PLC*, 783 F.3d 383, 389 (2d Cir. 2015). The pleading standard under Rule 129b)(6) is discussed above.

### C.  Motion for Sanctions

"Rule 11 sanctions are designed to deter baseless filings." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Albany,* 369 F.3d 91, 97 (2d Cir. 2004). "Under Fed. R. Civ. P. 11,

sanctions may be awarded when a pleading is presented for improper purpose, legal contentions are not warranted by existing law, factual contentions do not have evidentiary support, or the denial of factions [sic] contentions is unwarranted on the evidence." *Boggs v. Die Fliedermaus*, 286 F. Supp. 2d 291, 302 (S.D.N.Y. 2003); *see also International Shipping Co., S.A. v. Hydra Offshore, Inc.*, 875 F.2d 388, 390 (2d Cir. 1989); *Eastway Constr. Corp. v. City of New York*, 762 F.2d 243, 254 (2d Cir. 1985). "A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(2). Sanctions are appropriate for parties who are "acting in bad faith, vexatiously, wantonly, or for oppressive reasons." *Boggs*, 286 F. Supp. 2d at 302 (quoting *Sassower v. Field*, 973 F.2d 75, 80-81 (2d Cir. 1992)). "The mere fact that the plaintiffs fail to state a claim, however, does not mean that Rule 11 sanctions should be imposed." *Team Obsolete Ltd. v. A.H.R.M.A. Ltd.*, 216 F.R.D. 29, 36-37 (E.D.N.Y. 2003). "'Otherwise Rule 11 sanctions would be imposed whenever a complaint was dismissed, thereby transforming it into a fee shifting statute under which the loser pays.'" *Id*. (quoting *Harlyn Sales Corp. Profit Sharing Plan v. Kemper Fin. Servs., Inc.,* 9 F.3d 1263, 1270 (7th Cir. 1993)).

## II.   Analysis

### A.  Motion to Dismiss

#### 1.   Failure to State a Claim Under Section 1983

Defendants argue that Plaintiff has failed to state a claim under Section 1983 for violation of his right to due process. Def. Mem. at 5. According to Defendants, "the Change Report Form that Plaintiff submitted is not an application for eligibility for SNAP benefits within the meaning of 7 U.S.C. § 2020(e), which requires certification of eligibility for SNAP benefits within thirty days and therefore there was no protected property interest. *Id*. Additionally, Defendants

contend that even if Plaintiff did have such an interest, Plaintiff had an immediately available state remedy in the form of an Article 78 proceeding which provided adequate procedural due process and therefore the claim must be dismissed.  Def. Mem. 5-7.  In response, Plaintiff contends that the Change Report Form does confer a property interest because it is a New York State prescribed form for food stamps.  Pl. Mem. at 3.  Plaintiff also argues that an exhaustion of remedies is not required for transactions involving federal rights.  Pl. Mem. at 4.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) that the challenged conduct was "committed by a person acting under state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (internal quotation marks and citation omitted).  To allege a Section 1983 claim based on the denial of procedural due process, which is what Plaintiff has asserted, a plaintiff must demonstrate that he has a "'protected liberty or property interest,'"[4] and that he was "'deprived of that interest without due process.'" *McCluskey v. Comm'r of Nassau Cty. Dep't of Soc. Svcs.*, No. 12-CV-3852, 2013 U.S. Dist. LEXIS 127614, 2013 WL 478094, at *12 (E.D.N.Y. Sept. 5, 2013) (citations omitted).

The due process clause does not guarantee any particular form of procedure, it protects substantive rights.  *Id*. (citations omitted).  "The fundamental requirement of procedural due

---

[4] Defendants argue that the Change Report Form that Plaintiff submitted is not an application for eligibility for SNAP benefits within the meaning of 7 U.S.C. § 2020(e), which requires certification of eligibility for SNAP benefits within thirty days and, therefore, there was no protected property interest which was violated when the determination was not provided within 30 days.  Def. Mem. at 5-6.  "It is well-settled that plaintiffs have a property interest in their government benefits which is protected by due process." *Prince v. Dep't of Soc. Servs. of Oneida Cty.*, No. 16-CV-440, 2016 U.S. Dist. LEXIS 60407, 2016 WL 3526071, at *12 (N.D.N.Y. May 5, 2016), report and recommendation adopted, No. 16-CV-440 (DNH) (ATB), 2016 U.S. Dist. LEXIS 81575, 2016 WL 3546358 (N.D.N.Y. June 23, 2016); *accord Davis v. Proud*, 2 F. Supp. 3d 460, 484 (E.D.N.Y. 2014) ("'Social welfare benefits,' such as SNAP, 'have long been afforded constitutional protection as a species of property protected by the federal Due Process Clause.'") (quoting *Kapps v. Wing*, 404 F.3d 105, 113 (2d Cir. 2005); *Banks v. Human Res. Admin. & Food & Nutrition Serv.*, No. 11-CV-2380, 2013 U.S. Dist. LEXIS 4737, 2013 WL 142374, at *2 (E.D.N.Y. Jan. 11, 2013) (citing *Goldberg v. Kelly*, 397 U.S. 254, 261-62, 90 S. Ct. 1011, 25 L. Ed. 2d 287 (1970)).

process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Jones v. Cty. of Suffolk*, 236 F. Supp. 3d 688, 694 (E.D.N.Y. 2017).  Here, Defendants argue that the availability of an Article 78 proceeding afforded Plaintiff the opportunity to be heard in a meaningful time and in a meaningful manner.  Def. Mem. at 6-7.  The Court agrees

In response to Defendants' motion to dismiss, Plaintiff has misconstrued Defendants' argument that the Article 78 proceeding was available and therefore no due process violation has occurred.  Defendants have not claimed, contrary to Plaintiff's position, that there is a requirement of exhaustion of remedies before an action can be brought in federal court under Section 1983.  Rather, a due process claim of deprivation of a property interest under Section 1983 is not cognizable in a federal district court if state law provides an adequate remedy for the deprivation of that interest. *See Zinermon v. Burch*, 494 U.S. 113, 127-39, 110 S. Ct. 975, 108 L. Ed. 2d 100 (1990); *Hudson v. Palmer*, 468 U.S. 517, 533, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984).  This is true "whether or not [the] plaintiff took advantage of the state procedure." *Vialez v. N.Y.C. Hous. Auth.*, 783 F. Supp. 109, 114 (S.D.N.Y. 1991).  "With respect to the opportunity to be heard in conjunction with government entitlement benefits, 'access to post-deprivation process is adequate to meet the requirements of constitutional due process.'" *Prince,* 2016 U.S. Dist. LEXIS 60407, 2016 WL 3526071, at *12 (N.D.N.Y. May 5, 2016) (quoting *McCluskey*, 2013 U.S. Dist. LEXIS 127614, 2013 WL 478094, at *12).  In the 2012 Action, 2013 U.S. Dist. LEXIS 127614, the court concluded that:

> State law permits plaintiff to commence an Article 78 proceeding based on DSS' failure to recalculate his benefits following the April 2012 fair hearing. Plaintiff did not need a final determination of benefits from DSS in order to commence such a proceeding, nor did he need a further fair hearing or other action from OTDA regarding DSS' noncompliance. Given that plaintiff had the right to commence a state court proceeding at any time in order to address DSS' and OTDA's failure to recalculate his benefits, plaintiff cannot be said to have been deprived of his right to procedural due process by DSS or any of its employees.

Plaintiff has thus failed to establish that he was deprived of a "right, privilege, or immunity secured by the Constitution or the laws of the United States," *Dwyer*, 777 F.2d at 828, because he was not precluded, by either DSS itself or the County Commissioner, from commencing an action in state court based on DSS' alleged noncompliance with the settlement agreement reached at the April 2012 fair hearing. I therefore recommend that defendants' motion to dismiss plaintiff's § 1983 claim against the County Commissioner (and DSS, to the extent that such is asserted) be granted, because plaintiff has failed to demonstrate that either DSS or the County Commissioner deprived him of a constitutional right.

*Id*. at *29; *see also Kellier v. MMS,* No. 20-CV-10939 (LLS), 2021 U.S. Dist. LEXIS 27277, at *11, 2021 WL 535504 (S.D.N.Y. Feb. 10, 2021) ("Public benefits recipients ultimately must utilize the state courts to challenge any dispute with a benefit determination and may not resort to federal courts to litigate such determinations"); *McCluskey v. Imhof*, No. 17-CV-5873, 2018 U.S. Dist. LEXIS 147596, 2018 WL 5077169, at *8 (E.D.N.Y. Aug. 27, 2018) (plaintiff's "procedural due process claim is an attempt to end run the protections and review process afforded to him under state law and impermissibly turn what should be an ordinary [A]rticle 78 proceeding into a federal action [citation omitted]. Although Article 78 would be an inappropriate remedy for violations of due process, where, as here, the plaintiff's claim is actually a dispute [over] the amount of food stamp benefits, Article 78 would be the appropriate venue to challenge the adverse food stamp determination") (internal quotation marks and citations omitted), report and recommendation adopted, 2018 U.S. Dist. LEXIS 161998, 2018 WL 4521207 (E.D.N.Y. Sept. 21, 2018). Accordingly, the availability of an Article 78 proceeding to address Plaintiff's claim regarding his SNAP benefits is sufficient to satisfy the constitutional requirement of due process and therefore no claim under Section 1983 is available to Plaintiff. *See, e.g., Bens BBQ, Inc. v. Cty. of Suffolk*, CV 19-3584 (SJF) (ARL), 2020 U.S. Dist. LEXIS 82474, 2020 WL 5900037, at *9 (E.D.N.Y. May 7, 2020) (finding that the availability an Article 78 procedure adequate, and therefore no violation of due process); *Gilmore v. Bouboulis*, No. 315CV0686GTSDEP, 2016

13

U.S. Dist. LEXIS 115315, 2016 WL 4532146, at *1 (N.D.N.Y. Aug. 29, 2016) ("The Court concludes that Plaintiffs have failed to allege facts plausibly suggesting a due process violation arising from established state procedures, and as a result, further concludes that an Article 78 proceeding would have afforded sufficient relief to satisfy constitutional due process requirements"); *Vapne v. Eggleston*, No. 04 CIV. 565 (NRB), 2004 U.S. Dist. LEXIS 24147, 2004 WL 2754673, at *4 (S.D.N.Y. Dec. 1, 2004) (finding that access to post-deprivation process was adequate to meet the requirements of constitutional due process).

This reasoning applies to the Section 1983 claim asserted by Plaintiff in the Amended Complaint.  Because Plaintiff had the availability of an Article 78 proceeding the actions of the Defendants did not deprive him of his constitutionally protected right to due process and, therefore, the undersigned respectfully recommends Plaintiff's complaint be dismissed.[5]

### 2.  Failure to State a *Monell* Claim

Defendants also argue that Plaintiff has failed to assert a claim under *Monell v. Dep't of Soc. Servs. of City of N.Y.,* 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978) because Plaintiff has failed to allege that his constitutional rights were violated by municipal policy, practice or custom.[6]  Def. Mem. 8.  Defendants contend that Plaintiff appears to be arguing that the Dowdell settlement demonstrates that there was a municipal policy of delaying the

---

[5] Because the undersigned has recommended Plaintiff's complaint be dismissed in its entirety the Court will not report on Plaintiff's purported cross-motion for summary judgment other than to note that such motion is facially deficient for failing to comply with Local Rule 56.1.  Local Civil Rule 56.1 of the Southern and Eastern Districts of New York sets forth specific requirements about how the facts relied upon by the moving party and disputed by the opposing party are to be presented. A party moving for summary judgment must annex to its notice of motion "a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried." L.R. 56.1(a). "Pro se litigants must also comply with Local Rule 56.1." *Taylor v. Quayyum*, No. 16-cv-1143, 2023 U.S. Dist. LEXIS 146503, at *15, 2023 WL 5293383 (S.D.N.Y. Aug. 17, 2023).  Plaintiff here has failed to do so.

[6] A municipal entity may only be held liable if the alleged offending conduct was undertaken pursuant to "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by [the municipal] officers[,] . . . [or] governmental 'custom' even though such a custom has not received formal approval through the [municipality's] official decision[]making channels." *Monell,* 436 U.S. at 690-91.

processing of initial applications for benefits, however, according to Defendants, any such policy was abrogated by the Dowdell Settlement.  *Id.*

In response, Plaintiff argues that he is actually claiming that statements made in the Welkis Declaration establish that the DSS has a custom or practice of allowing only incurred medical expenses and denying consideration of anticipated medical expenses for the SNAP deduction.  Pl. Mem. at 4.  Plaintiff relies on a statement made in the Welkis Declaration – "[i]n order for medical deductions to be included in the calculation of Snap benefits, they must be verified by actual bills, paid or incurred, for medical services performed" – to support his position that the DSS policy is contrary to 7 U.S.C 2020(e)(3).  However, as recognized by this Court, the Second Circuit has opined that such policy is not violative of the federal statute.  *See McCluskey v. Spitzberg*, No. 20-4015, 2021 WL 3823672, at *1 (2d Cir. Aug. 27, 2021) (summary order); *McCluskey v. Spitzberg*, No. 19-CV-7060 (RRM)(ARL), 2020 WL 6727780, at *3 (E.D.N.Y. Nov. 16, 2020) (noting that the language of 18 NYCRR §387.12(c) "tracks the language of 7 U.S.C. § 2014(e)(5)(A)").  Since the Second Circuit has determined that the DSS policy with regard to documentation required for medical expenses is consistent with federal rules,  Plaintiff cannot to allege that this policy presented any actionable constitutional violation. Indeed, this argument was made by Plaintiff is his objections to the December Report and rejected by Judge Azrack when she adopted the December Report.  *See* Plaintiff's Objection to Report and Recommendation, p. 2-3. ECF No. 49.

Additionally, the *Monell* claim must be dismissed in light of the Court's determination that Plaintiff has failed to allege any constitutional violation. *See, e.g., McCluskey v. Imhof*, 17-CV-5873(JFB)(ARL), 2018 U.S. Dist. LEXIS 161998, 2018 WL 4521207 (E.D.N.Y. Sep. 21, 2018) (citing *Henry—Lee v. City of N.Y.*, 746 F. Supp. 2d 546, 567 (S.D.N.Y. 2010) ("Under

Second Circuit case law, a prerequisite to municipal liability under *Monell* is an underlying constitutional violation by a state actor")).

Accordingly, the undersigned respectfully recommends that Plaintiff's *Monell* claim be dismissed with prejudice.

### 3.    Failure to Allege a Claim against Individuals

Defendants have also moved to dismiss Plaintiff's complaint to the extent Plaintiff purports to assert claims against Commissioner Nunziata and County Executive Curran in their individual capacities.  Def. Mem. at 9.  According to Defendants, because Plaintiff's *ad damnum* clause requests punitive damages, relief unavailable against a municipality, it is unclear whether Plaintiff is asserting claims against these Defendants in their individual capacity.  *Id.*  In the event that is Plaintiff's intention, Defendants argue that Plaintiff has failed to allege the personal involvement of either and therefore such claim, if in fact it was asserted, would be subject to dismissal.  *Id*.  *See, e.g., Prince,* 2016 U.S. Dist. LEXIS 60407, 2016 WL 3526071.  Indeed, the Amended Complaint is devoid of allegations indicating that either of the two individuals named in the Amended Complaint had any personal involvement in the denial of Plaintiff's SNAP benefits.  Moreover, Plaintiff has not responded to this argument, which results in the abandonment of any claim against Commissioner Nunziata and County Executive Curran.  *See, e.g., Adams v. New York State Educ. Dep't,* 752 F. Supp. 2d 420, 426 (S.D.N.Y. 2010) (dismissing plaintiffs' race discrimination and age discrimination claims as abandoned where "[Plaintiffs' opposition] papers fail[ed] to address substantive grounds raised by [d]efendants' motions [to dismiss], thereby supporting a finding that the underlying claims have been  2012); *Gill v. Phx. Energy Mgmt.*, No. 15-CV-1102, 2016 U.S. Dist. LEXIS 138093, at *14-15 (E.D.N.Y. Sep. 30, 2016) (deeming ADA retaliation claim abandoned, because "plaintiff neither

16

dispute[d] Defendant's arguments, nor defend[ed] th[e] claim in anyway" and stating that "[w]here, as here, Plaintiff fails to address Defendant's arguments in his opposition, the Court deems Plaintiff's silence as a concession that Plaintiff is abandoning his claim.").

Accordingly, the undersigned respectfully recommends that any claims against Commissioner Nunziata and County Executive Curran in their individual capacity be dismissed.

### 4. Plaintiff's Claims are Barred by the Doctrines of Res Judicata and Collateral Estoppel

In the Amended Complaint, Plaintiff asserts a single claim for violation of Section 1983 arising out of Defendants' denials of SNAP benefits in connection with an application mailed to the DSS on June 18, 2021.  Am. Compl. at ¶ 16.  The application sought an increase in the SNAP medical deduction, and enclosed Medicare Summary Notices that delineated estimates of Plaintiff's out-pocket medical expenses expected in the certification period.  *Id.* at ¶ 17. According to Plaintiff, the DSS did not respond to that request.  *Id.* at ¶ 19.  To support this claim, Plaintiff details the rejection of similar requests in 2019, 2017 and 2012.  *See id.* at ¶¶ 23-39.  Each request was denied on the basis of Plaintiff's submission of Medicare Summary Notices, which DSS does not consider medical bills for the purpose of recalculation of benefits. *See, e.g., id.* at ¶ 27.   The parties have interpreted Plaintiff's inclusion of the details of the 2019, 2017 and 2012 rejections as independent claims for relief arising out of those transactions. Indeed, in Plaintiff's motion for Rule 11 sanctions, Plaintiff argues that "[a]lthough the Defendant's Reply contends that Plaintiff's complaint only alleges a single cause of action, Plaintiff actually claims seven causes of action and submits sufficient unchallenged evidence on each for summary judgment." Plaintiff's Memo of Law for Sanctions on Rozea ("Pl. Sanctions Mem.") at 3, ECF No. 63.  Thus, this Court will address each of these transactions as a separate cause of action.

Defendants argue that "Plaintiff has previously litigated his claims with respect to his due process rights in connection with the denial of requests for increases in his benefits" in 2019, 2017 and 2012 and, therefore, is barred from relitigating any of his claims against DSS that were previously disposed of in those action." Def. Mem. at 11.[7] In response, Plaintiff contends that "Plaintiff's 2019, 2017 and 2012 actions are not barred by res judicata because there are several significant fact [sic] that occurred subsequent to their prior corresponding actions. For example: The establishment of DSS custom and policy conduct on medical expenses pursuant to the Welkis Declaration." Pl. Mem. at 4. Additionally, Plaintiff argues that res judicata does not apply where the prior claim has not been determined on the merits. *Id.* at 6.

### a. Res Judicata

The decisions in the 2012 Action and the 2017 Action have *res judicata* effect and preclude the claims asserted in this case against the DSS, which was a party the 2012 and 2017 Actions. *See Done v. Wells Fargo Bank, N.A.*, No. 08-CV-3040 JFB ETB, 2009 WL 2959619, at *3 (E.D.N.Y. Sept. 14, 2009) ("All litigants, including *pro se* plaintiffs, are bound by the principles of *res judicata*"); *Fequiere v. Tribeca Lending,* No. 14-CV-812 (RRM)(LB), 2016 WL 1057000, at *10 (E.D.N.Y. Mar. 11, 2016). As the Second Circuit explained in *Marcel Fashions Group, Inc. v. Lucky Brand Dungarees, Inc.*, 779 F.3d 102 (2d Cir. 2015):

> The term *res judicata*, which means essentially that the matter in the controversy has already been adjudicated, encompasses two significantly different doctrines: claim preclusion and issue preclusion. Under claim preclusion, a final judgment forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit. The doctrine precludes not only litigation of claims raised and adjudicated in a prior litigation between the parties (and their privies), but also

---

[7] It is well settled that a court may dismiss a claim on collateral estoppel or *res judicata* grounds on a motion to dismiss. *See Wilson v. Ltd, Brands*, No. 08 CV 3431(LAP), 2009 WL 1069165, at *4 (S.D.N.Y. Apr. 17, 2009) (granting judgment on the pleadings based on collateral estoppel); *Salahuddin v. Jones*, 992 F.2d 447, 449 (2d Cir. 1993) (affirming dismissal of claims under Rule 12(b) on grounds of *res judicata*).

of claims that might have been raised in the prior litigation but were not.  The doctrine of issue preclusion, in contrast, bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim.

*Fequiere,* 2016 WL 1057000, at *5 (quoting *Marcel*, 779 F.3d at 107 (citations and internal

quotation marks omitted)).  "Under that caselaw, a defendant seeking to assert a res judicata

defense 'must show that (1) the previous action involved an adjudication on the merits; (2) the

previous action involved the plaintiffs or those in privity with them; and (3) the claims asserted

in the subsequent action were, or could have been, raised in the prior action.'" *McCluskey v.*

*Roberts*, No. 19-CV-2386 (RRM) (ARL), 2020 U.S. Dist. LEXIS 87114, at * 10, 2020 WL

2523038 (E.D.N.Y. May 18, 2020) (citing *TechnoMarine*, 758 F.3d at 499 (internal brackets

omitted)).

Here, the requirements for *res judicata* are met with respect to Plaintiff's claims against

the DSS arising out of 2012 and 2017 Transactions.  First, the 2012 and 2017 Actions were each

dismissed resulting in a final judgment.  *See, e.g.,* E*xch. Nat'l Bank of Chicago v. Touche Ross &*

*Co*., 544 F.2d 1126, 1130-31 (2d Cir. 1976) (finding that a decision on a Rule 12 (b)(6) motion

constitutes a judgment on the merits);  *Faconti v. Henderson*, No. 01-CV-2600 (DLI)(RML),

2006 U.S. Dist. LEXIS 61238, at * 14 (E.D.N.Y. Aug. 29, 2006) (decision on motion to dismiss

constitutes a final judgment on the merits).

Second, as stated above, the requirement that "the previous action involved [the party

against whom *res judicata* is invoked] or its privy" is also met.  Plaintiff initiated each of the

prior actions.

Third, the claims asserted here against DSS, were or could have been asserted in the 2012

and 2017 Actions.  In the 2012 Action, Plaintiff alleged that DSS violated his right to due

19

process by denying him a fair hearing.  2012 Action, ECF No. 1, at 12.  Here, Plaintiff alleged that DSS violated his right to due process by failing to grant the rightful allotment of SNAP benefits and failing to timely process his application.  ECF No. 14 at 9.  Both of these claims arise out of precisely the same factual background, i.e., DSS denial of Plaintiff's request for increased SNAP benefits on the basis of his failure to provide verified medical expenses. *Compare* Am. Compl. ¶¶ 36-39 *with McCluskey v. Comm'r of Nassau Cty. Dep't of Soc. Svcs*., No. 12-CV-3852, 2013 U.S. Dist. LEXIS 127614, at *2, 2013 WL 478094 (E.D.N.Y. Sept. 5, 2013).  Thus, the due process violation alleged in this action could have been asserted in the 2012 Action, and therefore are barred here by the doctrine of res judicata.  Similarly, in the 2017 Action, Plaintiff alleged that "Defendants violated plaintiffs' constitutional right to due process by the deprivation of one's right to certain food stamp benefits under federal law."  2017 Action, ECF No. 27 at 18. As noted above, in this action Plaintiff alleged that DSS violated his right to due process by failing to grant the rightful allotment of SNAP benefits.  Both claims arise out of DSS refusal to accept unverified expenses for a dental procedure for purposes of calculation an medical expense deduction.  *Compare* Am. Compl. ¶¶ 29-35 *with McCluskey v. Imhof*, No. 17-CV-5873, 2018 U.S. Dist. LEXIS 147596, at *4, 2018 WL 5077169 (E.D.N.Y. Aug. 27, 2018).  The claims asserted in this action are identical to the claims asserted in the 2017 Action and are barred by the doctrine of res judicata.  Accordingly, the undersigned respectfully recommends that Plaintiff's claims against the DSS arising out of the 2012 and 2017 transactions are barred by the doctrine of *res judicata* and Defendants' motion to dismiss on that basis should be granted.

### b.  Collateral Estoppel

Defendants also argue that Plaintiff's claims arising out of the 2012, 2017 and 2019

transactions are barred by the doctrine of collateral estoppel.  "[C]ollateral estoppel . . . means

simply that when an issue of ultimate fact has once been determined by a valid and final

judgment, that issue cannot again be litigated between the same parties in any future lawsuit."

*Caldwell v. Gutman, Mintz, Baker & Sonnenfeldt, P.C.*, 701 F. Supp. 2d 340, 349-50 (E.D.N.Y.

2010) (citing *Leather v. Eyck*, 180 F.3d 420, 424 (2d Cir. 1999) (quoting *Schiro v. Farley*, 510

U.S. 222, 232, 114 S. Ct. 783, 127 L. Ed. 2d 47 (1994)).  "Collateral estoppel, like the related

doctrine of *res judicata*, has the dual purpose of protecting litigants from the burden of

relitigating an identical issue with the same party or his privy and of promoting judicial economy

by preventing needless litigation." *Id. (*citing *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326,

99 S. Ct. 645, 58 L. Ed. 2d 552 (1979)).  Specifically, "[u]nder New York law, collateral

estoppel bars relitigation of an issue when (1) the identical issue necessarily was decided in the

prior action and is decisive of the present action, and (2) the party to be precluded from

relitigating the issue had a full and fair opportunity to litigate the issue in the prior action."  *In re

Hyman*, 502 F.3d 61, 65 (2d Cir. 2007) (citations omitted).

The underlying fact relating to the 2012, 2017 and 2019 transactions asserted against

Defendants here are identical to the facts underlying the 2012, 2017 and 2019 Actions.  Each of

those Actions were resolved against Plaintiff pursuant to a motion to dismiss finding that

Plaintiff had failed to state a claim. "The doctrine of collateral estoppel developed to address

precisely this situation, where a party seeks to repeatedly litigate the same issue by means of

more specific pleadings, by repackaging the same factual allegations under different causes of

action, or by filing identical actions against different defendants." *Zherka v. City of New York*,

459 F. App'x 10, 13 (2d Cir. 2012); *see also United States v. Mendoza*, 464 U.S. 154, 158–59,

104 S. Ct. 568, 571, 78 L. Ed. 2d 379 (1984)(The Supreme Court has broadened the scope of the

doctrine of collateral estoppel by abandoning the requirement of mutuality of parties and by conditionally approving the "offensive" use of collateral estoppel by a non-party to a prior lawsuit). Accordingly, the undersigned respectfully recommends that to the extent the Amended Complaint asserts claims arising out of the 2012, 2017 and 2019 transactions, those claims should be dismissed as to all Defendants as barred by the doctrine of collateral estoppel.

### B. Motion to Amend

Nothing contained in Plaintiff's Proposed Supplementary Complaint saves this action from dismissal. Defendants have argued that Plaintiff's motion to amend must be denied because it is futile, and that the substitution and addition of additional parties is unnecessary because of the futility of the claims to be asserted. ECF No. 69. Plaintiff's Proposed Supplementary Complaint adds two new claims, both arising out of DSS' failure to accept unverified medical expenses, and then repeats his arguments from the motion to dismiss as well from his objections to the December Report. Each of these claims are subject to dismissal, and therefore allowing the filing of the Proposed Supplementary Complaint would be futile.

With respect to Count One of the Proposed Amended Complaint, Plaintiff seeks to add a claim arising out of DSS's failure to accept his Medicare Summary Notices as proof of medical expenses in connection with a new claim for benefits filed in January 2023. As noted above, in the December Report, which was adopted by Judge Azrack, this Court has already determined that the state requirement of verified medical expenses does not deviate impermissibly from the federal statute. This determination is the law of the case.

"The law of the case doctrine commands that when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages of the same case unless compelling reasons militate otherwise." *Hernandez v. Sessions*, 731 F. App'x 51, 55 (2d

Cir. 2018) (summary order) (citing *Johnson v. Holder*, 564 F.3d 95, 99 (2d Cir. 2009)); *Ariz. Premium Fin. Co. v. Empls. Ins. of Wausau, of Wausau Am. Mut. Co.*, 586 F. App'x 713, 716 (2d Cir. 2014) ("[W]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case." (quoting *Arizona v. California*, 460 U.S. 605, 618, 103 S. Ct. 1382, 75 L. Ed. 2d 318 (1983))); *Chan Ah Wah v. HSBC N. Am. Holdings Inc.*, No. 15-CV-8974, 2019 U.S. Dist. LEXIS 28875, 2019 WL 859042, at *4 (S.D.N.Y. Feb. 22, 2019) ("Courts apply the law of the case doctrine when their prior decisions in an ongoing case either expressly resolved an issue or necessarily resolved it by implication." (quoting *Aramony v. United Way of Am.*, 254 F.3d 403, 410 (2d Cir. 2001))).  The law of the case doctrine is intended to keep rulings consistent throughout a litigation. *See In re PCH Assocs.*, 949 F.2d 585, 592 (2d Cir. 1991); *Teoba v. Trugreen Landcare LLC,* 2013 U.S. Dist. LEXIS 52831, 2013 WL 1560208, at *4 (W.D.N.Y. 2014) (ruling by magistrate judge on motion to amend became law of the case for subsequent motion to dismiss the amended complaint decided by the district judge); *Yash Raj Films (USA), Inc. v. Bobby Music Co. & Sporting Goods*, No. 01-CV-8378, 2006 U.S. Dist. LEXIS 73305, 2006 WL 2853874, at *4 (E.D.N.Y. Sept. 29, 2006) (rejecting defendant's argument opposing summary judgment because the court's prior adoption of the magistrate judge's report and recommendation established the law of the case and noting that "[t]he [c]ourt maintains the position that its prior ruling was correct, and thus adheres to it, as the law of the case").  Thus, the assertion of this new claim would be futile.

With respect to Count Two, Plaintiff alleges that Plaintiff submitted Medicare Summary Notices during the certification period in July 2022, to which the  DSS never responded.  Proposed Supplementary Complaint ¶¶ 33-35.  Plaintiff also alleges that a fair hearing was requested on the foregoing issue, but a hearing was never scheduled.   Id. at ¶ 35.  No additional

facts supporting this claim are alleged.  Defendants argue that this proposed amendment is futile because Plaintiff had available state law remedies in the form of an Article 78 proceedings.  ECF No. 69 at 2.   As discussed above, the Court agrees and therefore amendment to include this claim would be futile.

Next, with respect to Plaintiff's proposed claim arising out of the DSS' reversal of its previous decision (Count Three), this Court and Judge Azrack have previously denied Plaintiff's request to assert this claim, and, as discussed above, this determination is law of the case. Plaintiff seeks to bolster his previous allegations by adding a reference to an affidavit provided by Welkis which he claims demonstrates that the County policy is not in compliance with federal policy.  This factual allegation does not indicate that there has been a change in the law and does materially change the facts as previously presented, accordingly, this ruling remains law of the case. *See City of Charleston, S.C. v. Hotels.com, LP*, 520 F. Supp. 2d 757, 775 (D. S.C. 2007) ("The court emphasizes that it does not invoke the law of the case doctrine as a hollow technicality. Rather, the court decided these same issues mere months ago under an identical standard of review. Since that time, Defendants have not raised, and the court is not aware of, any new material facts which would change the analysis of whether Plaintiffs' allegations meet the liberal pleading requirements of Rule 12(b)(6)").

Additionally, as discussed above, with respect to Plaintiff's claims arising out of the 2012, 2017, 2019 and 2021 transactions (Counts Four-Seven), the undersigned has recommended that these claims be dismissed with prejudice and therefore, to the extent that recommendation is adopted, any proposed amended pleading simply restating these claims would be futile. Similarly, the inclusion of Plaintiff's claims under Section 1983 against Welkis in the Proposed

Supplementary Complaint would be futile.  There is no need to add this defendant since Plaintiff

has failed to allege an actionable constitutional violation.

Finally, Plaintiff seeks to amend the complaint to add a single allegation stating that

"Plaintiff was denied SNAP benefits based on the government classification of indigent elderly,

42 USC 6101, which prohibits discrimination on the basis of age in program or activities

receiving Federal financial assistance such as SNAP, was violated." *Id*. at ¶ 74.   In light of

Plaintiff's *pro se* status, the court construes the addition of this single allegation as the assertion

of a claim for age discrimination.  The Age Discrimination Act, 42 U.S.C. 6101 provides that no

person "shall, on the basis of age, be excluded from participation in, be denied the benefits of, or

be subjected to discrimination under, any program or activity receiving Federal financial

assistance." 42 U.S.C. § 6102. "Prior to filing suit under this act, however, a plaintiff must

exhaust the administrative remedies set forth in 42 U.S.C. § 6104 and 45 C.F.R. § 90.50." *Harris*

*v. New York State Educ. Dep't*, 419 F. Supp. 2d 530, 535 (S.D.N.Y. 2006).  The exhaustion

requirement states that a Plaintiff may bring an action in court only after a period of  "180 days

from the filing of an administrative complaint during which time the Federal department or

agency makes no finding with regard to the complaint, or upon the day that the Federal

department or agency issues a finding in favor of the recipient of financial assistance, whichever

occurs first." 42 U.S.C. § 6104(f).  Plaintiff's Proposed Supplementary Complaint does not

indicate compliance with these procedures.  Therefore, he fails to allege a cognizable claim

under the Age Discrimination Act.  *See, e.g., Davis v. Malloy*, No. 3:17-cv-1740 (MPS), 2018

U.S. Dist. LEXIS 188508 (D. Conn. Nov. 5, 2018).  Plaintiff has also failed to plead any facts

that suggest that anyone discriminated against him on the basis of his age.  An amendment to

include this claim would be futile.

Accordingly, in light of the foregoing, the undersigned respectfully recommends that Plaintiff's motion to amend be denied.

### C.  Motion for Sanction

Plaintiff has filed a motion for Rule 11 sanctions against Matthew Rozea arising out of statement made in Defendants' Reply Memorandum of law in support of Defendants' Motion to Dismiss.[8]  ECF No. 63.  "Rule 11 does not [] authorize sanctions for merely frustrating conduct. It authorizes sanctions only for the filing of a document with the court that fails to satisfy the rule's certification requirements." *Lawrence v. Richman Grp. of CT LLC*, 620 F.3d 153, 158 (2d Cir. 2010).  Rule 11(b) states that a lawyer or unrepresented party's signature to a court document certifies four aspects of the document: (1) that it is not being presented for an improper purpose; (2) the legal arguments are supported by existing law or are not frivolous; (3) the factual contentions have been investigated and are supported; and (4) denials are also likewise well-supported. Fed. R. Civ. P. 11(b)(1)-(4).  "Rule 11 permits sanctions against a litigant who submits a pleading or motion that, evaluated 'under an objective standard of reasonableness, . . . [has] no chance of success and [makes] no reasonable argument to extend, modify or reverse the law as it stands.'" *Smith v. Westchester Cnty. Dep't of Corr.*, 577 F. App'x 17, 18 (2d Cir. 2014) (quoting *Caisse Nationale de Credit Agricole-CNCA, N.Y. Branch v. Valcorp, Inc.*, 28 F.3d 259, 264 (2d Cir. 1994)) (affirming imposition of Rule 11 sanction for a frivolous motion for reconsideration).  Here, the undersigned has recommended granting Defendants' Motion to

---

[8] The Court notes that this is the third motion for sanctions filed by Plaintiff in this Action.  See ECF Nos. 17, 22. Judge Azrack denied both motions, finding them "unwarranted."  *See* Order dated May 25, 2022.  Plaintiff also filed motions for sanctions in the 2012 Action, the 2017 Action and the 2019 Actions, each time such motions were denied. *See, e.g., McCluskey v. Commissioner of Nassau County Department of Social Services et al.*, 12-cv-3852 (JFB)(ARL), ECF No. 30; *McCluskey v. Imhof, et al.,* 17-cv-5873 (RRM)(ARL), ECF Nos. 22 & 40; *McCluskey v. Spitzberg,* et al., 19-cv-7060 (RRM)(ARL), ECF No. 30; *McCluskey v. Roberts, et al.,* 19-cv-2386 (RRM)(ARL), ECF No. 19.

dismiss, clearly the reply memorandum is not entirely lacking in merit.  The undersigned respectfully recommends that Plaintiff's motion for sanctions be denied.

Arguably, Plaintiff's Motion to Amend violated Rule 11 because the Proposed Supplementary Complaint was duplicative of the Proposed Second Amended Complaint, which this Court determined was futile.  Rule 11 sanctions may be imposed when a proposed amended complaint "not only failed to correct legal deficiencies in plaintiffs' earlier amended complaints, but reasserted, without sufficient new factual allegations, numerous claims that [had been] dismissed, and asserted certain other claims without any substantive legal basis." *Adams v. N.Y. State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012) (imposing Rule 11 sanctions for proposed complaint that "merely retreaded claims previously dismissed"), aff'd sub nom. *Hochstadt v. N.Y. State Educ. Dep't*, 547 F. App'x 9 (2d Cir. 2013).  Defendants have chosen not to purse sanctions against Plaintiff for this filing, however, Plaintiff's repetitive filing of the same claims which have been dismissed on numerous occasions is an enormous waste of judicial resources.  Plaintiff's Proposed Supplementary Complaint repeats claims this Court has previously not allowed and has repeated claims that have been dismissed by other Courts in 2012, 2017 and 2019.  Plaintiff has also filed three frivolous motions for sanctions in this action and numerous similarly unwarranted motions for sanctions in the 2012 Action, the 2017 Action and both 2019 Actions.  Accordingly, the undersigned recommends that monetary sanctions be assessed against Plaintiff for his repetitive filings of meritless motions.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Such objections shall be filed with the Clerk of the

Court via ECF, except in the case of a party proceeding pro se. Pro se Plaintiff must file his objections in writing with the Clerk of the Court within the prescribed time period noted above. Any requests for an extension of time for filing objections must be directed to Judge Azrack prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140, 155, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).  Counsel for Defendants is directed to serve a copy of this Order upon *pro se* Plaintiff forthwith and file proof of service on ECF.


Dated: Central Islip, New York
       December 14, 2023

                                    _____/s_____
                                    ARLENE R. LINDSAY
                                    United States Magistrate Judge