FILED
CLERK

8:22 am, Jan 29, 2024

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
────────────────────────────────────X
PETER MCCLUSKEY,

                Plaintiff,

   -against-

NUNZIATA, as Commissioner of Nassau County
Social Services, in her official capacity and
CURRAN, as Executive of Nassau County, in her
official capacity,

                Defendants.
────────────────────────────────────X

For Online Publication Only

**ORDER**
21-cv-04483 (JMA) (ARL)

**AZRACK, United States District Judge:**

      The long and tortured procedural history of this case is detailed in Magistrate Judge Arlene L. Lindsay's December 1, 2022, Report and Recommendation ("R&R"). (See, e.g., ECF No. 47.) Before the Court today are the objections of Plaintiff Peter McCluskey filed in response to Magistrate Judge Lindsay's most recent R&R (ECF No. 72), which recommends that the Court: (i) grant Defendants' motion to dismiss; (ii) deny Plaintiff's third motion for sanctions; and (iii) deny Plaintiff's second motion to amend the complaint. For the following reasons, Plaintiff's objections to the R&R are OVERRULED. Accordingly, Defendants' motion to dismiss is GRANTED, and Plaintiff's motion for sanctions and motion to amend the complaint are DENIED.

      A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also FED. R. CIV. P. 72(b)(3). In reviewing a magistrate judge's R&R, a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.; see also FED. R. CIV. P. 72(b)(3) (providing that a district court "must determine de novo any part of the magistrate judge's disposition that has been properly

1

objected to"); Arista Recs., LLC v. Doe 3, 604 F.3d 110, 116 (2d Cir. 2010) ("As to a dispositive matter, any part of the magistrate judge's recommendation that has been properly objected to must be reviewed by the district judge de novo."); Lorick v. Kilpatrick Townsend & Stockton LLP, 2022 WL 1104849, at *2 (E.D.N.Y. Apr. 13, 2022). To accept those portions of an R&R "to which no timely objection has been made," however, "a district court need only satisfy itself that there is no clear error on the face of the record." Lorick, 2022 WL 1104849, at *2 (quoting Ruiz v. Citibank, N.A., 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014)).

The Court finds no clear error in the portions of Magistrate Judge Lindsay's R&R to which there are no objections. Next, the Court turns to the portions of the R&R to which Plaintiff has objected. After conducting a de novo review of the full record (including the motion papers, R&R, and objections) and applicable law, the Court agrees with Magistrate Judge Lindsay's recommendations, and therefore adopts the R&R—almost in its entirety—as the opinion of the Court. While the Court admonishes Plaintiff for his repetitive filing of meritless motions, the undersigned—unlike Magistrate Judge Lindsay—does not believe that monetary sanctions should be assessed against Plaintiff.

Accordingly, Defendants' motion to dismiss is GRANTED, and Plaintiff's motions for sanctions and to amend the complaint are DENIED. The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff at his address of record.

**SO ORDERED.**

Dated: January 29, 2024
Central Islip, New York

                 /s/ JMA
                JOAN M. AZRACK
                UNITED STATES DISTRICT JUDGE